**In the Matter of Mark A. GARVIN, Respondent.**

**No. 02S00–0711–DI–542.**

Supreme Court of Indiana.

June 18, 2008.

*ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE*

Upon review of the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that the Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** On August 7, 2000, Respondent was convicted on a guilty plea of operating a vehicle while intoxicated as a Class A misdemeanor. On June 7, 2006, Respondent pled guilty to operating a vehicle while intoxicated as a Class C misdemeanor. He did not report this second conviction to the Disciplinary Commission.

The Commission filed a verified complaint against Respondent on November 21, 2007, but service could not be made on him at the only address shown for him on the Roll of Attorneys record ("official address"). Respondent informally reported a change of address to the Commission, but Respondent has not changed his official address to date. Respondent did not appear, respond in a timely manner, or participate in the proceeding before the hearing officer. The Commission filed a petition for judgment on the complaint, which the hearing officer granted.

Respondent then filed a belated "Answer to Verified Complaint for Disciplinary Action" in which he admits to most of the material allegations of the complaint, but asks for consideration of alleged mitigating facts, including his successful efforts to address his problems with alcohol and his compliance with the terms and conditions of his criminal conviction.

**Violations and sanction:** The Court finds that Respondent violated Ind. Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on honesty, trustworthiness, or fitness as a lawyer in other respects.

The hearing officer recommended suspension of six months without automatic reinstatement, citing the following aggravating facts: (1) Respondent's continuing suspension since May 22, 2007, for failure to pay his annual dues; (2) his failure to provide a current official address to the Roll of Attorneys; and (3) his failure to participate in this disciplinary proceeding.

The Court concludes that this discipline is appropriate under the circumstances of this case.

**Discipline:** For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than six months, beginning July 31, 2008.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of that period, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to give notice of this order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.